Linda Sue Turner **ROBERTS** and Mitchell Roberts, Appellants,

v.

Williams E. **ROBERTS**, Aileen Roberts, Harvey Victor Roberts, Marsha Roberts, Betty Roberts Williams, Jesse Williams, Fay Roberts Neely, Billy Neely, Gloria Dean Roberts Gay and James Gay, Appellees.

No. 1999–CA–002888–MR.

Court of Appeals of Kentucky.

April 20, 2001.

Discretionary Review Denied March 13, 2002.

B. Scott Graham, Stanton, Brief for Appellants.

Billy L. Oliver, Campton, Brief for Appellees.

Before DYCHE, HUDDLESTON and KNOPF, Judges.

*OPINION*

HUDDLESTON, Judge:

Linda Sue Roberts and her husband, Mitchell Roberts, appeal a judgment of indivisibility and an order of sale of approximately sixty-seven acres of land.

On June 8, 1999, Williams E. Roberts and his wife, Aileen Roberts, Harvey Victor Roberts and his wife, Marsha Roberts, Betty Roberts Williams and her husband, Jesse Williams, Fay Roberts Neely and her husband, Billy Neely, and Gloria Dean Roberts Gay and her husband, James Gay, filed a partition action [1] against Linda and Mitchell Roberts. On July 7, 1999, Linda and Mitchell filed a response and counterclaim, acknowledging the joint ownership and description of the property but requesting that the property be divided in accordance with Kentucky Revised Statute (KRS) 381.135. On July 29, 1999, Linda and Mitchell filed a motion requesting the court to find the property divisible and requested the appointment of commissioners to examine the property and file a report with the court. Linda and Mitchell also sought a hearing to present evidence regarding the issue of divisibility.

---

1. *See* Ky.Rev.Stat. (KRS) 389A.030.

On July 30, 1999, the appellees filed a motion requesting an order of sale, asserting that division would be "virtually impossible" due to the diverse nature of the land. On September 9, 1999, the court entered an order selecting three commissioners for the purpose of viewing the property and reporting to the court on the issue of divisibility. On September 23, 1999, a letter from the commissioners was filed with the court in which they stated that they believed "that the value of the whole could be greater than or less than the value of the parts." The commissioners also reported "that the property could not be divided without materially affecting the value of the whole." On the same day, the parties were notified that written objections to the commissioners' report should be filed within ten days.

On September 29, 1999, the appellees filed another motion seeking order of sale. On October 6, 1999, Linda and Mitchell filed a response objecting to the entry of an order of sale and to the commissioner's finding that the property was indivisible. On October 21, 1999, the appellees requested the court adopt the commissioner's findings and order the property sold.

On November 1, 1999, the court adopted the commissioner's findings and found the property to be indivisible. The court ordered the property sold by the court's master commissioner.

Four issues are raised on appeal: first, whether the court erred in finding that the property is indivisible; second, whether the court erred by relying on the report of the commissioners in finding the property is indivisible; third, whether the court erred in failing to set aside the commissioner's report due to allegations that one of the commissioners had a conflict of interest; and fourth, whether the court erred in failing to appoint an alternate commissioner.

When the divisibility of property is at issue, the courts are guided by Kentucky Revised Statute (KRS) 389A.030. Under this statute, such cases are conducted as bench trials.[2] Further, under KRS 389A.030(3),

> indivisibility of the real estate shall be presumed unless an issue in respect thereto is raised by the pleading of any party, and if the court is satisfied from the evidence that the property is divisible, without materially impairing the value of any interest therein, division thereof pursuant to KRS 381.135 shall be ordered.

The court's first consideration is how to apply the presumption. This consideration is governed by operation of Kentucky Rule of Evidence (KRE) 301, which provides as follows:

> In all civil actions and proceedings *when not otherwise provided for by statute* or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.[3]

Therefore, the court is to determine from the text of the statute whether KRE 301 will be invoked or whether the statute requires a burden shifting.

We are guided in this analysis by a recent decision of the Supreme Court, *Magic Coal Co. v. Fox.*[4] In *Magic Coal,* the

---

**2.** *See* KRS 389A.030(1).

**3.** Emphasis supplied.

**4.** Ky., 19 S.W.3d 88 (2000).

Court held that KRS 342.315(2) was properly governed by KRE 301. In doing so, the Court stated that KRS 342.315(2) "[did] not provide a standard for determining the type of evidence which is necessary in order to do so and does not explicitly shift the risk of nonpersuasion to the opponent of the evidence."[5] In *Magic Coal* the pertinent language in analyzing the presumption is found in KRS 342.315(2) which states that, "[t]he clinical findings and opinions of the designated evaluator shall be afforded presumptive weight by arbitrators and administrative law judges and *the burden to overcome such findings and opinions shall fall on the opponent* of that evidence."[6] The Supreme Court held that the presumption language of KRS 342.315(2) was governed by KRE 301.

■ The language of KRS 389A.030(3) does not explicitly shift the risk of nonpersuasion to the opponent of the evidence. Therefore, we conclude the presumption language in KRS 389A.030(3) is also governed by KRE 301.

KRE 301 "addresses only one aspect of the law of presumptions, namely, the issue of whether or not the opponent of a presumption will be required to bear the risk of nonpersuasion ... as to the presumed fact."[7] KRE 301 "supplements rather than replaces the case law on presumptions...."[8] Prior to the adoption of KRE 301, Kentucky's highest court adopted Rule 704 of the Model Code of Evidence, paraphrasing as follows:

1. When the basic fact giving rise to the presumption has been established, the presumed fact stands as a matter of law unless and until evidence has been introduced which would *support*[9] a contrary finding (or a basic fact giving rise to a contrary presumption has been established).

2. When the basic fact giving rise to the presumption has been established, but evidence has been introduced which would *support*[10] a contrary finding (or a basic fact giving rise to a contrary presumption has been established), then the existence or non-existence of the presumed fact is to be determined exactly as if no presumption had ever been applicable.[11]

■ In the case under consideration, the appellees enjoyed the benefit of the presumption created by KRS 389A.030(3). The basic facts giving rise to the presumption were stated in the original complaint: specifically, that two or more people shared title in the property in such a manner that a conveyance by them would pass a fee simple title and that any one or more of them brought an action for the sale of the land in the circuit court of the county in which the land lies.[12] Therefore, we are to determine whether the court could have found that Linda and Mitchell met the burden of going forward with evidence to rebut the presumption. Since Linda and Mitchell put on no evidence to rebut the presumption, we conclude that it was not error for the court to find indivisibility of the real estate.

---

5. *Id.* at 95.

6. Emphasis supplied.

7. Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 10.05, at p. 547 (3d ed.1993).

8. *Id.* at 546.

9. Emphasis in original.

10. Emphasis in original.

11. *Commonwealth Life Insurance Co. v. Hall,* Ky., 517 S.W.2d 488, 493 (1974).

12. *See* KRS 389A.030(1).

Linda and Mitchell argue that they are only required, under the language of the statute, to raise an issue as to the indivisibility of the real estate in the pleading (their answer) to rebut the presumption. However, Linda and Mitchell fail to read the entire statute. The statute states that if the presumption is rebutted in this manner, the court is to be "satisfied *from the evidence* that the property is divisible...."[13] Here, no evidence was presented supporting the argument that the land was divisible. However, the basic facts giving rise to the presumption had been established. Therefore, since no evidence supporting divisibility was presented, "the presumed fact stands as a matter of law."[14]

Having concluded that the court's finding of indivisibility was not error, we need not consider whether the court erred in relying on the report of the commissioners in finding the property was indivisible. This was a mere surplusage. However, we caution that we find no basis in the statute for this practice. The use of commissioners is mandated under KRS 389A.030(3) only if the court is satisfied that the property is divisible.

We conclude that the remaining issues, concerning an allegation that one of the commissioners had a conflict of interest, are harmless error for the same reason and thus must be disregarded.[15]

ALL CONCUR.

---

**13.** KRS 389A.030(3). (Emphasis supplied.)

**14.** *Commonwealth Life Insurance Co., supra,* n. 11, at 493.

**15.** Ky.R.Civ.Proc. (CR) 61.01.