Sam **COLLINS, III and Marietta P. Collins, His Wife; William Lewis Collins and Teresa Collins, His Wife; D. Bruce Orwin, Cotrustee; and William Lewis Collins, Co–Trustee of the Ann Leslie Collins Property Trust, Appellants,**

v.

**Leroy LEWIS, Appellee.**

**No. 2008–CA–001832–MR.**

Court of Appeals of Kentucky.

June 4, 2010.

**2.** Kentucky Rules of Civil Procedure.

D. Bruce Orwin, Somerset, KY, for appellants.

Clint J. Harris, Manchester, KY, for appellee.

Before ACREE, CAPERTON and THOMPSON, Judges.

*OPINION*

ACREE, Judge.

The appellants, the Collins heirs, seek reversal of the Leslie Circuit Court's order for sale of real property owned by appellants and appellee, Leroy Lewis, in Leslie County. The appellants failed to present evidence that the value of the property would not be materially impaired upon division. The court was satisfied with the evidence presented by appellee that the value would be materially impaired if divided and ordered the property sold. We affirm.

Appellee, Leroy Lewis, commenced this action pursuant to Kentucky Revised Statutes (KRS) 389A.030 seeking to have real property owned jointly by himself and appellants sold and the profits divided according to their respective ownership interests. The percentage of the ownership interests are not in dispute. The only issue before this court is whether the circuit court erred in declining to divide the property.

In support of their petition for sale the appellee offered the expert testimony of Vance Mosely. Mr. Mosely testified that, based on the many factors affecting the value of the property, including mineral interests, timber, road access, and the topography of the land, it would be impossible to divide the land in a manner that would equally apportion the value according to the ownership interests. Further, he believed that dividing the property would result in a decrease in value and the total value of the divided parcels would be less than the value of the undivided whole. While Mr. Mosely relied on acreage amounts that were allegedly incorrect, he made his determination based on the same

boundary lines and topography map relied upon by the appellants' expert.

The appellants' expert, land surveyor Tom Boggs, relied on different acreage numbers, but the same boundary and topography map considered by Mr. Mosely. Mr. Boggs testified that the land could be divided and that from a surveying point of view, division would not decrease the property's value. Mr. Boggs did indicate that he was not an appraiser and could not testify as to value.

The circuit court ultimately determined that the property should be sold as a whole because division would materially impair its value. The factual findings of the circuit court will not be overturned unless they are clearly erroneous. Civil Rules of Procedure (CR) 52.01.

KRS 389A.030 provides a mechanism for the sale or division of property that is jointly owned. When an action is brought under KRS 389A.030

> indivisibility of the real estate shall be presumed unless an issue in respect thereto is raised by the pleading of any party, and if the court is satisfied from the evidence that the property is divisible, without materially impairing the value of any interest therein, division thereof pursuant to KRS 381.135 shall be ordered.

KRS 389A.030(3).

■ Subsection three of KRS 389A.030 "creates a presumption of indivisibility, unless a party to the action raises the issue in a pleading." *Acton v. Acton,* 283 S.W.3d 744, 750 (Ky.App.2008). The person claiming divisibility bears the burden of going forward. *Id.* Once some evidence that the property can be partitioned without materially impairing its value is presented, then the party seeking sale bears the burden of proving that divi-

sion would materially impair the property's value. *Id.*

■ The burden of going forward required the appellants to put forth some proof of divisibility. *See Acton,* 283 S.W.3d at 750. Appellants met that burden when Mr. Boggs testified that the property "could be surveyed into a division[,]" (Amended Judgment and Order of Sale, p. 1), and the statutory presumption of indivisibility was extinguished. *Cf., Roberts v. Roberts,* 67 S.W.3d 605, 608 (Ky.App.2001)("since no evidence supporting divisibility was presented, 'the presumed fact stands as a matter of law.'") (citation omitted).

With the presumption extinguished, the appellees bore the burden of proving that partition would materially impair the property's value. *See Acton,* 283 S.W.3d at 750. As noted above and in the trial court's judgment, Mr. Mosely testified "that the property could not be divided between the parties without materially impairing its value [and n]o proof was given by the [appellants] as to whether or not there would be a material impairment of the value." (Amended Judgment and Order of Sale, p. 1).

The trial court was satisfied that the appellee met his burden of proving that division would result in a material impairment of value and ordered the property sold.

■ It is clear that there was some confusion at the hearing as to which side bore the initial burden of presenting evidence. The appellee presented evidence first, despite the fact that appellants bore the burden of going forward. However, this confusion was harmless as both parties were given the opportunity to present their case.

The Amended Judgment and Order of Sale of the Leslie Circuit Court is affirmed.

ALL CONCUR.